SUBSTITUTED OPINION
NESBITT, Judge.
The state appeals the grant of a motion to suppress evidence seized. In accordance with this court’s decision in State v. M.G., 550 So.2d 1122 (Fla. 3d DCA), review denied, 551 So.2d 462 (Fla. 1989), and State v. J.R.R., 550 So.2d 1124 (Fla. 3d DCA), review denied, 551 So.2d 462 (Fla.1989), we treat the state’s notice of appeal as a petition for writ of certiorari. We grant the petition and quash the trial court’s order.
At a hearing on respondent V.M.’s motion to suppress, it was established that while on gang surveillance, a detective observed V.M. retrieve a small duffle bag from a hedge behind a fast food restaurant. While V.M. held the bag, two other youths reached into it and pulled out what the detective observed to be the barrel of a gun. When the detective approached the youths, the gun was placed back inside the bag and V.M.’s companions fled. V.M. attempted to ride away on his bicycle, taking the bag with him. The detective stopped respondent and asked him what was in the bag. V.M. claimed it contained gym clothes. The detective took the bag which he testified felt heavy.
The detective stated that even after he took the bag from respondent, he felt afraid the gun which he had previously viewed might be cocked and loaded, thus necessitating that he open the bag to secure the short-barreled shotgun found within. The detective then placed V.M. under arrest and charged him with carrying a concealed firearm and possession of a short-barreled shotgun.
The motion to suppress the shotgun as the fruit of an illegal search was granted. The trial court reasoned that the detective had probable cause to investigate and seize respondent’s bag when he saw that the youth had a weapon. The trial judge found, however, that once the bag was secured, any exigency which would have permitted its search without a warrant disappeared. Thus it was illegal to have looked inside the bag without first having obtained a search warrant. The state now appeals.
In interpreting the search and seizure provisions of the Fourth Amendment to the Constitution, it is established that seizure implicates a person’s possessory interest in the object seized; search implicates the privacy interest. See Texas v. Brown, 460 U.S. 730, 747, 103 S.Ct. 1535, 1546, 75 L.Ed.2d 502, 517 (1983) (plurality opinion) (Stevens, J., concurring); 1 W. LaFave Search and Seizure § 2.2(a) at 325-26 (1987). The defense here posits that assuming probable cause existed, based on the detective’s reasonable belief that what he viewed was a weapon, the detective could do no more than seize the bag containing the weapon. In other words, this viewing gave the detective authority to interfere with V.M.’s possessory interest in the bag. However, the defense contends that the respondent’s privacy interest could then not be compromised without a warrant because once the officer had the bag in his possession, no exigent circumstances existed to permit a warrantless search, i.e. interfere with V.M.’s privacy interest in the bag’s contents.
However, the facts of this case do not reveal that any privacy interest was violated at all. The defendant had relinquished his privacy rights in the bag’s contents, before the seizure took place, when he first displayed the weapon in public. Thus, all that was left was his possessory interest, which was lost when the undercover officer saw evidence of a crime (illegal possession of a concealed short-barreled shotgun) committed in public.
Even were this case to be viewed as a seizure followed by a search, an accessible container may be seized without a warrant based on probable cause and it then may be searched without a warrant when the contents of the container were in plain view or otherwise inferable to a “virtual certainty.” Id.
*612 Accordingly, the order granting the motion to suppress is quashed and the case is remanded for further proceedings.